IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BENSON GILLIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-733-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Corrections | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Benson Gillis, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

### I. Factual and Procedural History

On November 7, 1986, pursuant to a plea agreement, petitioner pleaded guilty to one count of felony theft and was placed on community supervision in Case No. 0295486W in Tarrant

County, Texas. (07SHR at 80[1]) In October 1987 petitioner's community supervision was revoked and he was sentenced to three years' confinement. (07SHR at 84-86) His three-year sentence was fully discharged on September 30, 1991. (Resp't Prel. Resp. Ex. A) In November 2012 petitioner filed a postconviction state habeas application challenging the 1986 conviction, which was denied without written by the Texas Court of Criminal Appeals on the findings of the trial court. (07SHR at cover) Petitioner filed this federal petition on September 5, 2013.[2]

## II. Subject Matter Jurisdiction

As a preliminary matter, respondent asserts this court lacks subject matter jurisdiction to consider the petition because petitioner discharged his sentence for the 1986 Tarrant County conviction long before he filed the instant federal petition. (Resp't Prel. Resp. at 1-3) Generally, for this court to have subject matter jurisdiction over a claim under § 2254, the petitioner must be "in custody" pursuant to the conviction the subject of the proceeding. *Lackawanna County Dist. Attorney v.*

---

[1] "07SHR" refers to the state court record of petitioner's state habeas application No. WR-33,235-07.

[2] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding, under prison mailbox rule, pro se habeas petition filed when papers delivered to prison authorities for mailing).

2

*Coss*, 532 U.S. 394, 394 (2001)[3]; *Maleng v. Cook*, 490 U.S. 488, 492 (1989). A federal court lacks subject matter jurisdiction to entertain a § 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *Maleng*, 490 U.S. at 490-91.

Petitioner's sentence for his 1986 conviction fully expired in 1991, over twenty years before this petition was filed. Thus, petitioner was not in custody under that conviction at the time his petition was filed, and he may not now challenge the conviction.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed for lack of subject matter jurisdiction.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a

---

[3]The Supreme Court has noted that the *Lackawanna* rule does not apply when the prior conviction was obtained and there was a failure to appoint counsel. *Lackawanna*, 532 U.S. at 404. That exception is inapplicable in this case as the record reflects that petitioner was represented by counsel when he entered his guilty plea in 1986.

3

certificate of appealability be, and is hereby, denied.

SIGNED December __20__, 2013.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE1